709 A.2d 892

**COMMONWEALTH of Pennsylvania, Appellee**

v.

**Richard BUCK, Appellant.**

Supreme Court of Pennsylvania.

Argued May 1, 1997.

Decided April 7, 1998.

Bradley S. Bridge, Philadelphia, for Richard Buck.

Catherine Marshall, Hugh J. Burns, Jr., Philadelphia, for the Commonwealth.

Before FLAHERTY, C.J., and ZAPPALA, CAPPY, CASTILLE, NIGRO and NEWMAN, JJ.

## OPINION

ZAPPALA, Justice.

This appeal raises issues concerning a trial court's authority to make pre-trial determinations as to the propriety of aggravating circumstances alleged by the Commonwealth in a homicide case. We hold that, under the circumstances of this case, the trial court exceeded its authority.

Appellant, Richard Buck, was charged with murder, voluntary manslaughter, involuntary manslaughter, possessing instruments of crime, violations of the Uniform Firearms Act, and recklessly endangering another person. Appellant allegedly fired one shot on February 9, 1994, fatally wounding Larry Ombadykow. The shooting took place in the restroom of a Philadelphia bar. Timothy Weinert, a bar patron, gave a statement indicating that he was walking towards the restroom when he saw Ombadykow in front of him. When Ombadykow grabbed the restroom door handle, Weinert

heard a single gunshot. Ombadykow staggered out of the bathroom, and fell onto the steps leading to the bar area. Weinert then saw Appellant in the bathroom holding a black handgun. He wrestled Appellant for the gun and several bar patrons detained Appellant until the police arrived.

A medical examiner's report established that Ombadykow died from multiple gunshot wounds caused by a single projectile. The bullet entered on the left side of the chest/abdomen area, exited on the right flank and then entered and exited Ombadykow's right arm.

On March 2, 1994, the Commonwealth filed a timely Notice of Aggravating Circumstances pursuant to Pa.R.Crim.P. 352. This rule provides as follows:

Rule 352. Notice of Aggravating Circumstances

The Commonwealth shall file a Notice of Aggravating Circumstances which the Commonwealth intends to submit at the sentencing hearing and contemporaneously provide the defendant with a copy of such Notice of Aggravating Circumstances. Notice shall be filed at or before the time of arraignment, unless the attorney for the Commonwealth becomes aware of the existence of an aggravating circumstance after arraignment or the time for filing is extended by the court for cause shown.

The Commonwealth asserted that it intended to seek the death penalty based on the following aggravating circumstances: the killing was committed while in the perpetration of a felony, 42 Pa.C.S. § 9711(d)(6), Appellant knowingly created a grave risk of death to another person in addition to the victim of the offense, 42 Pa.C.S. § 9711(d)(7), and Appellant had a significant history of felony convictions involving the use or threat of violence to the person, 42 Pa.C.S. § 9711(d)(9).

Appellant filed a motion to quash all three aggravating circumstances on the ground that no evidence existed to support them. Specifically, he asserted that he was not charged with another felony and it could not reasonably be argued that he committed a felony at the time of the killing; that he has no prior felony convictions; and that because he

fired one close range shot which hit and killed the decedent, no other person was endangered. Pursuant to Pa.R.Crim.P. 305, the trial court ordered the Commonwealth to provide a written statement of the evidence on which it was relying to support the aggravating circumstances. The Commonwealth refused, contending that it had already provided the discovery required by Rule 305 and that the trial court lacked the authority to mandate any additional pre-trial disclosure.

The trial court held a hearing on the motion to quash where the Commonwealth again challenged the court's authority and refused to make any proffer regarding evidence underlying the alleged aggravating circumstances. The court examined discovery materials previously submitted by the Commonwealth and concluded that no evidence existed to support any aggravating circumstance. Accordingly, it granted Appellant's motion and quashed all three aggravating circumstances without prejudice to the Commonwealth to file an additional or amended Rule 352 notice if it subsequently became aware of evidence of an aggravating circumstance that could not have been discovered earlier.

In its opinion in support of its decision, the trial court asserted that prior to the adoption of the notice provision of Rule 352, courts did not possess the authority to make a pre-trial determination regarding the presence or absence of aggravating circumstances; such determination was to be made solely by the jury.[1] The court concluded, however, that post-Rule 352 cases demonstrate that, when a challenge is raised by the defendant, the trial court has the responsibility to review the legal sufficiency of the evidence offered by the Commonwealth in support of aggravating circumstances and the procedural appropriateness of the Rule 352 notice.

The Superior Court reversed and remanded for further proceedings. It held that the cases relied upon by the trial court did not involve determinations of the "sufficiency of

1. Before the notice provision was adopted, an accused was deemed to be on notice that the Commonwealth would attempt to establish one or more of the aggravating circumstances set forth in the death penalty statute. *Commonwealth v. Edwards*, 521 Pa. 134, 166, 555 A.2d 818, 834 (1989).

evidence" of aggravating circumstances and therefore did not provide authority for the court to conduct such pre-trial inquiries.

Our analysis begins with an examination of *Commonwealth ex rel. Fitzpatrick v. Bullock*, 471 Pa. 292, 370 A.2d 309 (1977). In *Bullock*, informations were filed against a fifteen year old defendant, charging him with murder, robbery and related offenses. Prior to jury selection, the trial court *sua sponte* conducted a hearing to determine whether a jury could find that the offenses warranted the imposition of the death penalty. The trial court concluded that due to the youth and lack of maturity of the defendant at the time of the crime, the case should proceed non-capital. Although not referred to as such, the court essentially conducted a pre-trial evaluation of the mitigating evidence and determined that it outweighed any possible aggravating circumstances.

We reversed,[2] holding that the Sentencing Code [3] did not authorize the court to make a pre-trial determination regarding whether the death penalty was appropriate in any given case. Rather, the detailed legislative mandate made such determination solely a function of the jury.

We relied on *Bullock* in *Commonwealth v. Tomoney*, 488 Pa. 324, 412 A.2d 531 (1980). Recognizing that it is the responsibility of the jury to determine whether the death penalty is appropriate, we held that the trial court is not empowered to direct the prosecutor to designate a case as capital or non-capital before trial commences.

In *Commonwealth v. Scarfo*, 416 Pa.Super. 329, 611 A.2d 242 (1992), *alloc. denied*, 535 Pa. 633, 631 A.2d 1006 (1993), the

**2.** The issue was certified for immediate appeal. Instead of appealing the trial court's order, however, the Commonwealth petitioned for a writ of prohibition vacating the trial court's order and prohibiting such pre-trial determinations in the future. Our Court questioned the appropriateness of the remedy of a writ of prohibition and considered the Commonwealth's petition as an appeal from the trial court's order.

**3.** The death penalty statute in effect at the time was enacted in 1974 as part of the Sentencing Code, 18 Pa.C.S. § 1311 (Supp.1976–77). The statute created specific procedures, including the consideration of aggravating and mitigating circumstances, to govern the jury's determination of the penalty to be imposed in a murder case.

Superior Court similarly held that the trial court lacked authority to determine whether there was a potential death penalty issue in the case. Because the arraignment in *Scarfo* occurred prior to the effective date of Rule 352, the Superior Court specifically noted that it was considering the defendant's claims pursuant to the procedures and law employed at that time.

Two propositions arise from these cases. First, the Sentencing Code establishes that the jury must weigh the evidence in support of aggravating and mitigating circumstances; the trial court has no authority to do the same. *Bullock.* Second, the trial court may not interfere with the Commonwealth's pre-trial designation of a murder case as capital; the Commonwealth need not even make such a pre-trial determination. *Tomoney; Scarfo.*

 We reaffirm the first proposition because the death penalty statute, although amended subsequent to our holding in *Bullock,* continues to provide that the jury shall act as the factfinder, weigh evidence of aggravating and mitigating circumstances and determine the appropriate sentence in a capital case.[4] It is obvious, however, that since the Commonwealth is now required to file a notice of aggravating circumstances alleged, it must disclose at the time of arraignment whether it will seek the death penalty.

 We recognize that the prosecutor possesses the initial discretion regarding whether to seek the death penalty in a

4. Similar to the statute relied upon in *Bullock,* the current statute provides that the "jury shall decide whether the defendant shall be sentenced to death," 42 Pa.C.S. § 9711(a)(1); that "the verdict must be a sentence of death if the jury unanimously finds at least one aggravating circumstance ... and no mitigating circumstances," *id.* at § 9711(c)(1)(iv); that "after hearing all the evidence and receiving the instructions from the court, the jury shall deliberate and render a sentencing verdict," *id.* at § 9711(f)(1); and that "[w]henever the jury shall agree upon a sentencing verdict, it shall be received and recorded by the court." *Id.* at § 9711(g).

Pursuant to 42 Pa.C.S. § 9711(b), if the defendant pleads guilty or is tried non-jury, he may, with the consent of the Commonwealth, waive his right to have his sentencing hearing conducted before a jury. In that case, the trial judge would hear the evidence and determine the appropriate penalty.

murder prosecution. *Commonwealth v. DeHart,* 512 Pa. 235, 516 A.2d 656 (1986). That discretion, however, is not unfettered. *Id.*

In *Commonwealth v. Buonopane,* 410 Pa.Super. 215, 599 A.2d 681 (1991), *alloc. denied,* 530 Pa. 651, 608 A.2d 27 (1992), the Superior Court held that the trial court had no authority to examine the methods employed by the prosecutor in making the determination of whether to proceed with a murder prosecution as a capital case.[5] The court further held that *absent a threshold showing of a valid claim of purposeful abuse,* a trial court's pre-trial determination regarding proposed aggravating factors violated the constitutional principle of separation of powers. Thus, the court implicitly recognized that in limited circumstances the prosecutor's designation of a case as capital could be challenged.

■ We find that a valid claim for purposeful abuse exists when the Commonwealth files an unwarranted notice of aggravating circumstances. Implicit in the notice requirement is the presumption that the allegations contained therein are based upon verifiable facts. It is well-established that the Commonwealth has no pre-trial burden of proving an aggravating factor. However, the trial court must be able to ensure that the Commonwealth is not seeking the death penalty for an improper reason. The nature of the court's inquiry is focused solely upon whether the case is properly designated as capital, not whether each aggravating factor alleged is supported by evidence. We note that, pursuant to 42 Pa.C.S. § 9711(c)(1)(i), the trial court is required to instruct the jury to consider only aggravating circumstances for which there is *some evidence.* Thus, if the Commonwealth files a notice of aggravating circumstances which includes at least one aggravating factor that is supported by any evidence, the case is properly framed as a capital case. Whether any particular aggravating circumstances should be submitted for the jury's consideration can be determined by the court before the jury retires to consider a verdict.

**5.** The case did not involve a challenging to the notice of aggravating circumstances given by the Commonwealth or the sufficiency of the evidence in support thereof.

A defendant who claims that there is no evidence supporting the notice of aggravating circumstances bears the burden of proving that contention. If the defendant fails to meet this burden and evidence exists to create a factual dispute regarding whether the aggravating factor(s) exist, the defendant's motion should be summarily denied as no abuse of discretion by the prosecutor is apparent. To the contrary, however, if the defendant makes a showing that no evidence exists to support the aggravating circumstance alleged, the trial court may require minimal disclosure by the Commonwealth.[6] If no evidence is presented in support of *any* aggravating circumstance, the trial court may rule that the case shall proceed non-capital. This ruling shall be without prejudice to the Commonwealth to file an amended Rule 352 notice if it subsequently becomes aware of evidence in support of an aggravating factor.[7]

Our holding is not a departure from prior case law as we have held that rulings on proposed aggravating circumstances could be made in limited circumstances. In *Commonwealth v. Gibbs*, 533 Pa. 539, 626 A.2d 133 (1993), we held that double jeopardy does not preclude the jury from considering an aggravating circumstance that another jury rejected in a previous trial. We concluded that the trial court properly determined pre-trial that the aggravating circumstances could be presented.[8]

In *Commonwealth v. Williams*, 539 Pa. 61, 650 A.2d 420 (1994), we held that the trial court erred in admitting evidence

6. This procedure is not unlike a pre-trial discovery hearing in a non-capital case where the court may inquire into the Commonwealth's evidence material to the guilt or punishment of the defendant, Pa. R.Crim.P. 305 B(1)(a), or evidence of the defendant's prior criminal record, Pa.R.Crim.P. 305 B(1)(c).

7. This is consistent with the plain language of Rule 352 which allows notice to be filed after arraignment if "the attorney for the Commonwealth becomes aware of the existence of an aggravating circumstance after arraignment or the time for filing is extended by the court for cause shown." 42 Pa.C.S., Pa.R.Crim.P. 352.

8. Immediately prior to the second trial of the defendant in *Gibbs,* the Commonwealth filed a motion seeking to add a fourth aggravating

of the aggravating factor of a significant history of violent felony convictions when the Commonwealth failed to timely amend its Rule 352 notice to include that aggravating factor. We found that the Commonwealth violated the notice rule by its late "discovery" of prior felony convictions when it had access to such records at an earlier time.

Although these cases involved rulings on proposed aggravating circumstances, we did not indicate that the trial court was permitted to engage in pre-trial factfinding or weighing of evidence of a proposed aggravating factor. We adhere to this view and emphasize that the court's inquiry is limited to whether the Commonwealth abused its discretion in designating the case as capital. If evidence exists to support *any* aggravating factor, the prosecutor's discretion in proceeding with the case as capital should not be disturbed.

Applying this standard to the instant case, we find that the prosecutor's conduct, while not laudable, did not amount to an abuse of discretion in seeking the death penalty. The trial court erred in directing that the case proceed non-capital when there was evidence of the aggravating circumstance that Appellant created a grave risk of death to another. In quashing this aggravating factor, the trial court relied on the fact that the decedent was shot at very close range in the men's bathroom. It recognized, however, that there was a person, Timothy Weinert, who was walking behind the decedent as he approached the restroom. The court stated:

> Even allowing that Mr. Weinert was right behind the decedent, statements of eyewitnesses agree that he was obviously far enough behind the victim for the victim to exit the bathroom, fall against the north wall, and collapse on the steps, all without colliding with Mr. Weinert. Given the remote location of the bathroom, its isolation from other

circumstance to its previously filed notice of aggravating circumstances. The defendant filed a pre-trial motion in which he sought to preclude the death penalty based on insufficient evidence as to the Commonwealth's original three grounds at the prior trial. The trial court denied the defendant's motion and granted the Commonwealth's motion to add the additional aggravating factor. We affirmed.

patrons, and the close range nature of the single shot, there is no evidence to indicate that the defendant knowingly placed Mr. Weinert or any other person in grave risk of death.

Trial court opinion at 9.

The trial court opinion also noted that as the decedent staggered out of the bathroom and fell, Weinert saw Appellant holding a handgun and wrestled with him to recover it. A factual question arises as to whether Appellant created a grave risk of death to Weinert. This question of fact should have been left for the jury to decide. The Commonwealth therefore did not abuse its discretion in deciding to proceed with the prosecution as a capital case.

We are concerned, however, by the Commonwealth's filing of notice regarding the aggravating circumstances of commission of the killing while in the perpetration of a felony and significant history of violent felony convictions. Appellant was not charged with an underlying felony and there was no evidence that a felony was committed.[9] There was also no evidence of a significant history of violent felony convictions since his criminal extract revealed *no* prior felony convictions.

When directed to submit a written statement of the evidence upon which it relied to support these two aggravating factors, the Commonwealth repeatedly refused. We look with disfavor upon such gamesmanship, as a simple reply to the court's inquiry may have resolved the matter. The Commonwealth may not give notice of aggravating factors that appear completely unfounded and then refuse to comply with the court's request to offer an explanation as to its basis for seeking the death penalty.[10]

9. Appellant's non-murder related charges include possession of an instrument of crime which is a misdemeanor of the first degree, 18 Pa.C.S. § 907, recklessly endangering another person which is a misdemeanor of the second degree, 18 Pa.C.S. § 2705, and violations of the Uniform Firearms Act which are not separate offenses but serve as additional punishment for crimes of violence, 18 Pa.C.S. § 6103; *Commonwealth v. Flynn*, 314 Pa.Super. 162, 460 A.2d 816 (1983).

10. Had it been the case that a factual dispute existed as to whether Appellant's prior felonies were "violent" or whether a "significant

Notwithstanding this, as there was evidence of an aggravating factor, the Commonwealth did not abuse its discretion in deciding to try the case as capital. Accordingly, for the reasons set forth herein, the order of the Superior Court is affirmed and the matter is remanded for proceedings consistent with this opinion.

CAPPY, J., concurs in the result.

history" existed, we would be returning to the realm of pre-trial factfinding which is prohibited. Moreover, if Appellant had been charged with another violent felony but not yet convicted, the Commonwealth would be permitted to amend its Rule 352 notice at the time of conviction.