962 A.2d 664

**COMMONWEALTH of Pennsylvania, Appellee**

**v.**

**Brian William HOKE, Jr., Appellant.**

Supreme Court of Pennsylvania.

Submitted Oct. 3, 2008.

Decided Jan. 22, 2009.

As Amended March 20, 2009.

---

Kent D. Watkins, St. Clair, for Brian William Hoke, Jr., appellant.

Karl Baker, Esq., Peter Rosalsky, Defender Ass'n of PA, for Defender Ass'n of PA, appellant amicus curiae.

James Patrick Goodman, Esq., Skuylkill County Dist. Attorney's Office, Thomas James Campion, Jr., Esq., Pottsville, for the Com. of PA.

BEFORE: CASTILLE, C.J., SAYLOR, EAKIN, BAER, TODD, McCAFFERY and GREENSPAN, JJ.

## *OPINION*

Justice McCAFFERY.

We accepted this appeal to address a single issue: whether the mandatory minimum sentencing provision of 35 P.S. § 780–113(k) applies to a conviction for conspiracy to manufacture a controlled substance? The Superior Court held that this mandatory minimum sentencing provision does apply to a conspiracy to manufacture conviction. We vacate and remand.

Appellant, Brian William Hoke, Jr., was convicted of numerous charges stemming from his involvement in a methamphetamine manufacturing operation. He was convicted under the Controlled Substance, Drug, Device and Cosmetic Act, 35 P.S. § 780–101 *et seq.*, of possessing drug paraphernalia,[1] and of manufacturing a controlled substance (methamphetamine).[2] He was also convicted under the Pennsylvania Crimes Code, 18 Pa.C.S.A. § 101 *et seq.*, of risking a catastrophe.[3] Finally, he was convicted under the Crimes Code of criminal conspiracy to commit each of the foregoing crimes.[4]

Applying the mandatory minimum sentencing provision in 35 P.S. § 780–113(k), the trial judge imposed a sentence of two to four years' incarceration upon Appellant for his conviction for the manufacture of a controlled substance. The judge then imposed a consecutive two to four year sentence, again applying the mandatory minimum sentencing provision under 35 P.S. § 780–113(k), for the conspiracy to manufacture a controlled substance conviction.[5]

1. 35 P.S. § 780–113(a)(32)

2. 35 P.S. § 780–113(a)(30)

3. 18 Pa.C.S.A. § 3302

4. 18 Pa.C.S.A. § 903

5. Additional sentences on the offenses relating to possessing drug paraphernalia and risking a catastrophe either merged with or were to

Appellant contends that it was error for the trial judge to impose a mandatory minimum sentence for the conspiracy conviction. In affirming the judgment of sentence, the Superior Court stated:

Pursuant to 18 Pa.C.S.A. § 905, "[e]xcept as otherwise provided in this title, attempt, solicitation and conspiracy are crimes of the same grade and degree as the most serious offense which is attempted or solicited or is an object of the conspiracy." 18 Pa.C.S.A. § 905(a). Thus, as Appellant was convicted of the manufacture of a controlled substance, the conspiracy charge on which he was sentenced was subject to the same mandatory sentencing provision as the offense of manufacturing a controlled substance set forth under 35 P.S. § 780–113(k).

*Commonwealth v. Hoke,* 928 A.2d 300, 306 (Pa.Super.2007). The foregoing is the extent of the Superior Court's analysis.

Our review of the Superior Court's decision presents a pure question of law. We therefore apply a *de novo* standard of review. *Commonwealth v. Worthy,* 957 A.2d 720, 724 (Pa. 2008).

The mandatory minimum sentencing statute at issue provides as follows:

*Any person convicted of manufacture of* amphetamine, its salts, optical isomers and salts of its optical isomers; *methamphetamine,* its salts, isomers and salts of isomers; or phenylacetone and phenyl–2–proponone *shall be sentenced to at least two years of total confinement without probation, parole or work release, notwithstanding any other provision of this act or other statute to the contrary.*

35 P.S. § 780–113(k) (emphasis added).

▮▮▮▮ The statute requires that a mandatory minimum sentence be imposed for the crime of *manufacturing* one of the referenced controlled substances, but is silent regarding the crime of *conspiracy* to manufacture a controlled substance. Conspiracy to manufacture a controlled substance is

run concurrently with Appellant's other sentences, and are not at issue on this appeal.

not the same crime as manufacturing a controlled substance. *Commonwealth v. Miller*, 469 Pa. 24, 364 A.2d 886, 887 (1976) (holding that under the Crimes Code, conspiracy and the completed substantive offense are separate crimes). A defendant may be convicted of both conspiracy and the offense that was the object of the conspiracy. *Commonwealth v. Rios*, 546 Pa. 271, 684 A.2d 1025, 1030 (1996). There is nothing in Section 780–113(k) to indicate that it is intended to apply to conspiracy convictions.

Nor can such an intention be inferred from the relevant statutory sections setting forth the elements of the crimes. Manufacture of a controlled substance by an unauthorized person is a specific crime proscribed by 35 P.S. § 780–113(a)(30). That section prohibits "the manufacture, delivery, or possession with intent to manufacture or deliver, a controlled substance" by an unregistered person, except as the Act authorizes. The section says nothing about criminal conspiracy, which is proscribed by 18 Pa.C.S. § 903(a). This latter provision is contained in the Crimes Code, an entirely separate statute from the Controlled Substances Act. Moreover, Section 903(a) of the Crimes Code does not relate specifically to drug-related crimes, but rather covers conspiracies to commit any crime. Furthermore, Section 903(a) does not contain any sentencing provisions.

■ Our task in interpreting a statute is to ascertain and effectuate the intention of the General Assembly. 1 Pa.C.S. § 1921(a); *Commonwealth v. Dickson*, 591 Pa. 364, 918 A.2d 95, 100 (2007). The Statutory Construction Act admonishes that "[w]hen the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit." 1 Pa.C.S. § 1921(c). Additionally, penal provisions of a statute, such as 35 P.S. § 780–113(k), must be strictly construed. 1 Pa.C.S. § 1928(b)(1); *Dickson, supra* at 100 ("[W]e must construe all penal provisions strictly in favor of defendants' liberty interests."); *Commonwealth v. Booth*, 564 Pa. 228, 766 A.2d 843, 846 (2001) ("[W]here ambiguity exists in the language of a penal statute, such language should be interpreted in the light most favor-

able to the accused. . . . [A] court may not achieve an acceptable construction of a penal statute by reading into the statute terms that broaden its scope."). Moreover, words and phrases may be added in construing a statute only when the added words are necessary to a proper interpretation, and so long as they do not in any way affect the statute's scope and operation. 1 Pa.C.S. § 1923(c). Applying these precepts to 35 P.S. § 780–113(k), it is evident that the Superior Court erred in its construction here.

■ The plain language of Section 780–113(k) clearly and unambiguously requires that a mandatory minimum sentence be imposed on "[a]ny person convicted of manufacture of . . . methamphetamine. . . ." Construing this language narrowly requires that it be applied only to manufacture; it cannot be deemed to encompass conspiracy to manufacture. *See Commonwealth v. Young,* 922 A.2d 913, 918 (Pa.Super.2007) ("Given that the statutory construction principle applicable to criminal statutes calls for strict construction, . . . the fact that the provision does not *specifically exclude* application to inchoate crimes is of no moment.") (emphasis in original).[6]

■ The Superior Court interpreted Section 780–113(k) to apply to conspiracy to manufacture methamphetamine on the basis that conspiracy is a crime of the same grade and degree as the crime of manufacturing methamphetamine. *Hoke, supra* at 306, *citing* 18 Pa.C.S. § 905(a) ("Except as otherwise provided in this title, attempt, solicitation and conspiracy are crimes of the same grade and degree as the most serious offense which is attempted or solicited or is an object of the conspiracy."). The grades and degrees of crimes in Pennsylvania are set forth in Section 106 of the Crimes Code. 18 Pa.C.S. § 106 (Classes of offenses). Because Section 905(a) equates the grades and degrees of inchoate crimes (attempt, solicitation, and conspiracy) with the grades and degrees of

6. *Cf. Dickson, supra* at 109 (holding that a statute imposing a mandatory minimum sentence on a person convicted of a crime of violence "if the person visibly possessed a firearm or replica of a firearm" cannot be applied to a co-conspirator who did not visibly possess a firearm or replica).

the respective underlying crimes to which inchoate crimes relate under Section 106, the two sections are in *pari materia. See* 1 Pa.C.S. § 1932(a) ("[s]tatutes or parts of statutes are in *pari materia* when they relate to the same persons or things or to the same class of persons or things."). Accordingly, under the Statutory Construction Act, we must, if possible, construe the two sections together as one statute. 1 Pa.C.S. § 1932(b) ("[s]tatutes in *pari materia* shall be construed together, if possible, as one statute.").

 Section 106(a) of the Crimes Code specifies the degrees of the various classes of crimes, and Section 106(b) specifies maximum sentences for crimes based on degree. *See* 18 Pa.C.S. § 106. The legislature's equating, in Section 905(a), the grades and degrees of inchoate crimes with the grades and degrees of the underlying crimes, set forth in Section 106, therefore means that inchoate crimes have the same *maximum* sentences as the underlying crimes to which they relate. *See Commonwealth v. Watson,* 945 A.2d 174, 178 (Pa.Super.2008) ("Appellant admits that under Section 905 of the Crimes Code, conspiracy usually carries the same grade as the substantive crime, which means Appellant may be subject to the same maximum penalty as Section 780–113(a)(30), but Section 905 does not require imposition of a mandatory minimum sentence under Section 7508 [the recidivist statute]."). Neither Section 106(b) nor Section 905(a) states any *minimum* sentence for any crime. Unless a statute provides otherwise, the grade and degree of a crime are not determinative of whether a mandatory minimum sentence applies to a particular crime.[7]

7. The 1972 Official Comment to 18 Pa.C.S. § 905 states that "[u]nder the [predecessor] conspiracy provision, 18 P.S. § 4302, the conspiracy is punishable by a maximum of two years' imprisonment whether there is a conspiracy to commit murder or to commit a trespass. Under the new Code, the penalty for conspiracy, as for attempts and solicitation, is the same as the penalty for the most serious offense which is an object of the conspiracy...." The principal thrust of this comment is to contrast the old and the new general conspiracy provisions to indicate that the new Code authorizes a greater *maximum* sentence. The comment cannot be read to expand the scope of the mandatory *minimum* sentencing statute at issue in this case, 35 P.S. § 780–113(k).

■ In contrast to Section 780–113(k), certain other mandatory minimum sentencing statutes in Pennsylvania specifically apply to conspiracy and other inchoate offenses, thus demonstrating that the legislature was aware of the distinction between inchoate and substantive crimes and knew how to impose a mandatory minimum sentence for inchoate crimes if and where it intended to do so. *See* 42 Pa.C.S. § 9714 (Sentences for second and subsequent offenses); 42 Pa.C.S. § 9712 (Sentences for offenses committed with firearms); 42 Pa.C.S. § 9713 (Sentences for offenses committed on public transportation).[8] Moreover, omission of a given provision from one of two similar statutes evidences a different legislative intent regarding the two. *Commonwealth v. Heath,* 528 Pa. 316, 597 A.2d 1135, 1136 (1991); *Commonwealth v. Bigelow,* 484 Pa. 476, 399 A.2d 392, 395 (1979). If the legislature had intended for inchoate crimes always to be subject to the same mandatory minimum sentences carried by underlying crimes, it would have had no reason for explicitly including inchoate offenses among the crimes subject to mandatory minimum sentences in some mandatory minimum sentencing statutes but not others.

In several other cases, the Superior Court has held that a sentence enhancement provision applies only to the crimes specified therein, not to related inchoate crimes that are not specified as being subject to the enhancement provision. *See Watson, supra* at 178; *Young, supra* at 918; *Commonwealth v. Adams,* 760 A.2d 33, 39–40 (Pa.Super.2000). We believe this is the correct rule. A contrary rule would leave a certain amount of "guesswork" to the discretion of the sentencing court, a result that cannot have been intended by the legislature, particularly for a sentencing provision that is mandatory. We presume that the "General Assembly intends the entire statute to be effective *and certain.*" 1 Pa.C.S. § 1922(2)

8. Each of these other provisions imposes a mandatory minimum sentence for any "crime of violence," a term that is defined explicitly to include conspiracy to commit any of the other offenses falling within the definition. *See* 42 Pa.C.S. § 9714(g).

(emphasis added). Interpreting Section 780–113(k) as we have interpreted it fulfills this intention.[9]

■ For all of the reasons discussed herein, we hold that the mandatory minimum sentencing provision of 35 P.S. § 780–113(k) does not apply to a conviction for conspiracy to manufacture a controlled substance. The order of the Superior Court affirming the judgment of sentence is vacated. This case is remanded to the Court of Common Pleas of Schuylkill County for resentencing in accordance with the terms of this Opinion.

Justice TODD did not participate in the consideration or decision of this case.

Chief Justice CASTILLE, and Justices SAYLOR, EAKIN and BAER, and Justice GREENSPAN join the opinion.

---

9. The Commonwealth relies on *Commonwealth v. Reeves* 778 A.2d 691 (Pa.Super.2001) to support the application of the mandatory minimum sentencing provision to Appellant's conspiracy conviction in the instant case. That reliance is misplaced. *Reeves* did not involve the issue of whether a mandatory minimum sentence applied to a conspiracy conviction. The minimum sentencing statute in *Reeves* clearly included conspiracy among the crimes to which it applied. The dispute in *Reeves* involved whether a separate element of the minimum sentencing statute at issue in that case had been met. This case involves no similar issue.