J-S16004-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DANIEL MICHAEL SARANCHAK | : | |
| | : | |
| Appellant | : | No. 1600 MDA 2018 |

Appeal from the Judgment of Sentence Entered September 10, 2018
In the Court of Common Pleas of Schuylkill County
Criminal Division at No(s):  CP-54-CR-0000889-1993

BEFORE:  OTT, J., MURRAY, J., and MUSMANNO, J.

MEMORANDUM BY OTT, J.:                              **FILED MAY 14, 2019**

Daniel Michael Saranchak appeals from the judgment of sentence imposed September 10, 2018, in the Schuylkill County Court of Common Pleas.  In 1994, Saranchak was sentenced to death for the murder of his uncle and grandmother.  After the Third Circuit Court of Appeals granted him *habeas corpus* relief in the form of a new penalty phase hearing, the Office of the Attorney General decided not to seek the death penalty and the trial court resentenced Saranchak to an aggregate term of life imprisonment.  Contemporaneous with this appeal, Saranchak's counsel has filed a petition to withdraw from representation and an **Anders** brief.  **See Anders v. California**, 386 U.S. 738 (1967); **Commonwealth v. McClendon**, 434 A.2d 1185 (Pa. 1981).  The sole issue addressed in the **Anders** brief challenges the Attorney General's decision not to pursue the death penalty.  For the reasons

below, we affirm the judgment of sentence and grant counsel's petition to withdraw.

The facts underlying Saranchak's conviction are well-known to the parties and detailed in a prior decision by the Third Circuit Court of Appeals. *See Saranchak v. Beard*, 616 F.3d 292, 297-300 (3d. Cir. 2010), *cert. denied*, 565 U.S. 831 (2011). In summary, Saranchak shot and killed his uncle and grandmother in October of 1993, while he and a cohort proceeded to rob them. He eventually entered a guilty plea to murder generally, then proceeded to a degree-of-guilt hearing and non-jury trial on the remaining charges. The court found Saranchak guilty of two counts of first-degree murder, as well as robbery, burglary, aggravated assault, theft, and conspiracy.[1] A jury was empaneled for the penalty phase of the trial, and on September 15, 1994, returned a sentence of death, which the trial court imposed that same day. On September 19, 1994, the trial court conducted a brief hearing to impose sentences on Saranchak's remaining convictions.[2]

Saranchak's sentence was affirmed on direct appeal to the Pennsylvania Supreme Court, and the United States Supreme Court denied his petition for *certiorari* on January 6, 1997. *See Commonwealth v. Saranchak*, 675 A.2d

---

[1] *See* 18 Pa.C.S. §§ 2502(a), 3701, 3502, 2702, 3901, and 903, respectively.

[2] Specifically, the court determined the charges of aggravated assault and theft merged for sentencing purposes, and imposed consecutive statutory maximum terms of imprisonment on the charges of robbery, burglary, and conspiracy.

268 (Pa. 1996), *cert. denied*, 519 U.S. 1061 (1997).[3] Thereafter, Saranchak

filed a petition for collateral relief pursuant to the Post Conviction Relief Act

("PCRA").[4] In May of 1997, the PCRA court entered an order denying relief,

however, the Pennsylvania Supreme Court later vacated that order and

remanded for the filing of an amended petition. **See Commonwealth v.**

**Saranchak**, 739 A.2d 162 (Pa. 1999). On remand, Saranchak filed an

amended petition, and the PCRA court conducted evidentiary hearings in

February of 2003, before entering an order denying relief on July 8, 2003.[5]

That order was affirmed on appeal to the Pennsylvania Supreme Court. **See**

**Commonwealth v. Saranchak**, 866 A.2d 292 (Pa. 2005).[6]

---

[3] In that appeal, the Supreme Court concluded (a) the evidence was sufficient to support Saranchak's convictions, (b) the trial court did not err or abuse its discretion in excluding certain jurors or admitting photos of the victim during the penalty phase, (c) the jury instructions on mitigating circumstances was proper, and (d) the sentence of death was not excessive or disproportionate. **See Saranchak**, **supra**, 675 A.2d at 272-279.

[4] 42 Pa.C.S. §§ 9541-9546.

[5] While the PCRA petition was pending, the Governor of Pennsylvania signed Saranchak's death warrant, and scheduled his execution for November 8, 2000. However, the Third Circuit later stayed the execution. **See Commonwealth v. Saranchak**, 866 A.2d 292, 297-298 (Pa. 2005).

[6] In that appeal, the Supreme Court rejected Saranchak's challenges to trial counsel's ineffectiveness for failing to: (1) investigate the possibility of presenting a diminished capacity defense; (2) seek suppression of both a statement he made to police and a statement he made to a caseworker; (3) object to his co-defendant's invocation of the Fifth Amendment during cross-examination; (4) investigate his background for potential mitigating evidence during the penalty phase; (5) seek an evaluation of his mental health condition; (6) object to the court's jury instructions during the penalty phase;

Saranchak next challenged his conviction *via* a petition for writ of *habeas corpus*. On January 4, 2008, the federal district court for the Middle District of Pennsylvania granted relief in part, concluding trial counsel rendered ineffective assistance during the degree of guilt hearing. Accordingly, the court vacated his conviction and remanded for further proceedings. **See Saranchak v. Beard**, 538 F.Supp.2d 847 (M.D. Pa. 2008). The Third Circuit Court of Appeals reversed the ruling on appeal, but remanded the matter back to the district court to consider the remaining issues in the petition, including those related to the penalty phase of the trial. **See Saranchak v. Beard**, 616 F.3d 292 (3d. Cir. 2010). The United States Supreme Court subsequently denied *certiorari*. **See Saranchak v. Wetzel**, 565 U.S. 831 (2011).

On April 24, 2012, the district court denied Saranchak relief on his remaining claims. **Saranchak v. Beard**, 2012 WL 1414344 (M.D. 2012). On appeal, the Third Circuit affirmed in part, reversed in part, and remanded. **See Saranchak v. Secretary, Pa. Dept. of Corrections**, 802 F.3d 579 (3d. Cir. 2015). Specifically, the Court affirmed the district court's denial of relief with regard to counsel's ineffectiveness at the degree of guilt hearing, but concluded "counsel's performance at the penalty phase was unreasonably deficient," such that Saranchak was entitled to a new penalty hearing. **Id.** at 596. The Third Circuit summarized:

---

and (7) object to the Commonwealth's improper argument during the penalty phase. **See Saranchak**, **supra**, 866 A.2d at 299-307.

> For these reasons, we will affirm that part of the District Court's judgment denying Saranchak's petition for habeas corpus due to trial counsel's cumulative errors at his degree-of-guilt hearing. We will reverse in part the judgment of the District Court and remand with instructions to grant a provisional writ of *habeas corpus* directed to the penalty phase. **Unless the Commonwealth of Pennsylvania conducts a new sentencing hearing, Saranchak shall be sentenced to life imprisonment.**

*Id.* at 601 (emphasis supplied). Once again, the United States Supreme Court denied a petition for writ of *certiorari*. *See Saranchak v. Wetzel*, 136 S.Ct. 1494 (2016).

Upon remand, the Commonwealth filed a Notice of Intention to Seek the Death Penalty against Saranchak. *See* Commonwealth's Notice, 6/28/2016. The case was continued several times by both parties. In April of 2018, the Office of the Attorney General assumed jurisdiction of the matter when the newly elected district attorney of Schuylkill County realized he had a conflict of interest. *See Anders* Brief at 4. At a May 1, 2018, status conference, the Attorney General's Office requested, and the court granted, a 60-day continuance to determine if it still wanted to pursue the death penalty. *See* N.T., 5/1/2018, at 2-5. Thereafter, on August 6, 2018, the Attorney General's Office informed the trial court that it decided not to pursue a new penalty hearing. Accordingly, the court scheduled Saranchak's resentencing hearing for September 10, 2018. At that time, the court imposed two consecutive terms of life imprisonment without parole for the first-degree murder convictions, and consecutive terms of 10 to 20 years for robbery, 10 to 20

years for burglary, and five to 10 years for criminal conspiracy.[7]   On September 25, 2018, Saranchak filed a timely, *pro se* notice of appeal and a request for the appointment of new counsel.[8, 9]

On October 23, 2018, present counsel filed a petition to withdraw, accompanied by a letter to this Court explaining why he believed the appeal was wholly frivolous.  **See** Petition to Withdraw as Counsel, 10/23/2018.  On October 26, 2018, this Court entered an order denying counsel's application to withdraw and directing counsel to comply with the procedural requirements of **Anders** and its progeny.  **See** Order, 10/26/2018 (noting **Anders** requires counsel to file an **Anders** brief and letter advising the defendant of his rights, in addition to petition to withdraw).  Counsel replied by filing only an **Anders** brief, absent a new petition to withdraw or notification to the defendant.  Accordingly, on November 26, 2018, this Court entered another order, directing counsel to fully comply with **Anders** and its progeny within 14 days.  **See** Order, 11/26/2018.  Counsel complied on December 18, 2018.

---

[7] The court's sentence on the remaining charges was the same as initially imposed in 1994.

[8] Saranchak claimed present counsel "refuses to appeal the decision as I have requested him to do so."  Appeal Letter, 9/25/2018, at 1.

[9] The trial court did not direct Saranchak to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).

Before we may address the substantive issue set forth in the **Anders** brief, we must first examine the request to withdraw. **See Commonwealth v. Bennett**, 124 A.3d 327, 330 (Pa. Super. 2015). Here, our review of the record reveals counsel has substantially complied with the requirements for withdrawal outlined in **Anders**, **supra**, and its progeny. Specifically, counsel requested permission to withdraw based upon his determination that the appeal is wholly frivolous,[10] filed an **Anders** brief pursuant to the dictates of **Commonwealth v. Santiago**, 978 A.2d 349, 361 (Pa. 2009), furnished a copy of the **Anders** brief to Saranchak, and advised Saranchak of his right to retain new counsel or proceed *pro se*. **See Commonwealth v. Cartrette**, 83 A.3d 1030, 1032 (Pa. Super. 2013) (*en banc*). Moreover, our review of the record reveals no correspondence from Saranchak responding to the **Anders** brief. Accordingly, we will proceed to examine the issue counsel identified in the **Anders** brief, and then conduct "a full examination of all the

---

[10] We note counsel neglected to state in his petition to withdraw that (1) he believed Saranchak's appeal was wholly frivolous, and (2) he made a conscientious examination of the record. However, under the unique procedural posture of this case, we find counsel's omissions to be harmless. In the petition to withdraw, counsel explained the only issue to be decided on remand was whether Saranchak would receive the death penalty, and the Attorney General's Office's decision not to pursue the death penalty "is not appealable and is final." Petition to Withdraw as Counsel of Record, 12/18/2018, at ¶ 5. Moreover, counsel stated in both his letter to Saranchak and his **Anders** Brief his belief that the appeal is "wholly frivolous." Letter to Saranchak, dated 12/6/2018; **Anders** Brief at 5. As this remand for was a very limited purpose, counsel's failure to state he made an examination of the entire record is of no moment.

proceedings, to decide whether the case is wholly frivolous." ***Commonwealth v. Yorgey***, 188 A.3d 1190, 1195 (Pa. Super. 2018) (*en banc*).[11]

The only issue identified in counsel's ***Anders*** brief is a challenge to the decision of the Office of the Attorney General **not** to pursue the death penalty. ***See Anders*** Brief at 6. The trial court addressed Saranchak's appeal as follows:

> There is no further remedy at this point available to [Saranchak]. We have complied with the United States Court of Appeals for the Third Circuit's decision which is attached hereto. The Commonwealth, represented by the Attorney General, has chosen not to seek the death penalty. It is the Commonwealth, not [Saranchak], who possesses the discretion on whether to seek the death penalty in a murder case. ***See Commonwealth v Buck***, 551 Pa. 184, 190-91, 709 A.2d 892, 896 (1998). We then held a sentencing hearing, at which [Saranchak] was present, and imposed a life sentence without the possibility of parole. Therefore, there is no further action to be taken by this Court or by the Pennsylvania Superior Court.

Trial Court Opinion, 11/20/2018, at 1-2 (footnote omitted).

We agree. The Third Circuit's remand was limited. Indeed, first, in its August 3, 2010, opinion, the Third Circuit reversed the district court's grant of *habeas corpus* relief with respect to three claims arising from Saranchak's degree of guilt hearing (diminished capacity defense, suppression of statements made to police, and suppression of statements made to witness). ***See Saranchak***, ***supra***, 616 F.3d at 301-315. The Court remanded the case

---

[11] ***See also Commonwealth v. Dempster***, 187 A.3d 266 (Pa. Super. 2018) (*en banc*).

back to the district court to consider the remaining issues in Saranchak's *habeas corpus* petition. ***See id.*** at 314-315. After the district court denied the petition on remand, the Third Circuit, once again, reversed that decision in part, concluding Saranchak was denied the effective assistance of counsel during the penalty phase of his trial. ***See Saranchak***, ***supra***, 802 F.3d at 584-601. As noted above, the Third Circuit granted "a provisional writ of *habeas corpus* directed to the penalty phase" and directed that "[u]nless the Commonwealth of Pennsylvania conducts a new sentencing hearing, Saranchak shall be sentenced to life imprisonment." ***Id.*** at 601. Accordingly, as the trial court explained in its opinion, the only question on remand was whether the Commonwealth intended to conduct a new penalty hearing, and therefore pursue the death penalty. When it decided not to do so, there was no need for any further proceedings, as the trial court had no discretion but to impose a sentence of life imprisonment.

Our review has uncovered no decisions challenging the Commonwealth's determination **not** to seek the death penalty. While the decision to pursue the death penalty is within the prosecutor's discretion, the Supreme Court has noted that its discretion is not "unfettered[;] rather, the prosecutor may only seek the death penalty if at least one enumerated aggravating circumstance is present." ***Commonwwealth v. Chamberlain***, 30 A.3d 381, 424 (Pa. 2011), *cert. denied*, 566 U.S. 986 (2012). We find no reason, and Saranchak has provided none, why a defendant should be permitted to

challenge the Commonwealth's decision not to pursue the death penalty. Accordingly, Saranchak is entitled to no relief on this claim.

Lastly, in accordance with **Yorgey**, **supra**, we have independently reviewed the certified record in order to determine if counsel's analysis regarding the frivolous nature of the present appeal is correct. Because we agree with counsel's assessment that this appeal is wholly frivolous, we affirm the judgment of sentence and grant counsel's petition to withdraw.

Judgment of sentence affirmed. Petition to withdraw as counsel granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 05/14/2019