J-S14034-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| JEFFREY LEE MILLER, JR., | : | |
| | : | |
| Appellant | : | No. 2211 EDA 2014 |

Appeal from the PCRA Order entered on July 14, 2014
in the Court of Common Pleas of Lehigh County,
Criminal Division, No. CP-39-CR-0004494-2012

BEFORE:  DONOHUE, OLSON and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:          **FILED MARCH 30, 2015**

Jeffrey Lee Miller, Jr. ("Miller"), *pro se*, appeals from the Order denying his second Petition for relief pursuant to the Post Conviction Relief Act ("PCRA").  ***See*** 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

The PCRA court set forth the relevant factual and procedural history as follows:

> At approximately 4:55 a.m.[,] on September 27, 2012, police responded to 5457 Hartford Court, Lower Macungie Township, Lehigh County[,] for the report of a fire.  Upon arriving, police learned that [Miller] was in the process of disposing [of] chemicals used in the manufacture of methamphetamine when a fire broke out.
>
> [Miller] was Mirandized and agreed to answer questions.  He admitted manufacturing the methamphetamine and storing the chemicals, devices, and waste products under the residence. [Miller] indicated he intended to transport the items to Hellertown in his truck and meet up with his sister's boyfriend, who would place the items in the rear of a garbage truck the boyfriend would be operating.  While [Miller] was removing items

in the crawlspace, a chemical reaction occurred and a bag ignited underneath the home. [Miller] admitted he possessed everything to manufacture methamphetamine, and he advised the troopers of other manufacture-related materials[,] such as acids, batteries, and pseudoephrine[,] located below the residence. [Miller] further admitted he was involved in the manufacture and sale of methamphetamine [for] several years.

PCRA Court Opinion, 8/4/14, at 1-2.

On January 2, 2013, Miller pled guilty to manufacturing a controlled substance and risking a catastrophe. The trial court sentenced Miller to an aggregate prison term of five to twelve years. Miller filed Post-Sentence Motions, which were denied. Miller did not file a direct appeal.

On March 18, 2013, Miller filed a *pro se* PCRA Petition. The PCRA court appointed Miller counsel. Miller's counsel subsequently filed a Motion to Withdraw as Counsel and a **Turner**/**Finley**[1] "no-merit" letter. The PCRA court permitted Miller's counsel to withdraw and, after reviewing the record, dismissed Miller's first PCRA Petition. Miller did not file an appeal.

On June 26, 2014, Miller, *pro se*, filed his second PCRA Petition. The PCRA court filed a Notice of Intent to Dismiss pursuant to Pa.R.Crim.P. 907. Miller filed a Response to the Pa.R.Crim.P. 907 Notice. Thereafter, the PCRA court entered an Order denying the Petition. Miller filed a timely Notice of Appeal.

"Our standard of review of the denial of a PCRA petition is limited to examining whether the court's rulings are supported by the evidence of

_____

[1] **See Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

record and free of legal error." ***Commonwealth v. Feliciano***, 69 A.3d 1270, 1274 (Pa. Super. 2013) (citation omitted). "This Court treats the findings of the PCRA court with deference if the record supports those findings." ***Id***. at 1274-75 (citation omitted).

Initially, under the PCRA, any PCRA petition "*including a second or subsequent petition*, shall be filed within one year of the date the judgment becomes final[.]" 42 Pa.C.S.A. § 9545(b)(1) (emphasis added). A judgment of sentence becomes final "at the conclusion of direct review, including discretionary review in the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." ***Id***. § 9545(b)(3). The PCRA's timeliness requirements are jurisdictional in nature, and a court may not address the merits of the issues raised if the PCRA petition was not timely filed. ***Commonwealth v. Albrecht***, 994 A.2d 1091, 1093 (Pa. 2010).

Here, Miller's judgment of sentence became final on March 14, 2013, after the time to file a direct appeal expired. ***See*** 42 Pa.C.S.A. § 9545(b)(3) (stating that a judgment of sentence becomes final at the conclusion of direct review or at the expiration of time for seeking that review). Miller had until March 14, 2014, to file a timely PCRA Petition. ***Id***. § 9545(b)(1). Thus Miller's PCRA Petition, filed on June 26, 2014, is facially untimely under the PCRA.

However, Pennsylvania courts may consider an untimely petition if the appellant can explicitly plead and prove one of three exceptions set forth

under 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). Any PCRA petition invoking one of these exceptions "shall be filed within 60 days of the date the claim could have been presented." *Id.* § 9545(b)(2); *Albrecht*, 994 A.2d at 1094.

Miller raises the exception at section 9545(b)(1)(iii),[2] arguing that the United States Supreme Court recognized a new constitutional right in *Alleyne v. United States*, 133 S. Ct. 2151 (2013), which applies retroactively. Brief for Appellant at 9. In *Alleyne*, the Supreme Court held that "facts that increase mandatory minimum sentences must be submitted to the jury" and found beyond a reasonable doubt. *Alleyne*, 133 S. Ct. at 2163. The Supreme Court noted that "the essential Sixth Amendment inquiry is whether a fact is an element of the crime. When a finding of fact alters the legally prescribed punishment so as to aggravate it, the fact necessarily forms a constituent part of a new offense and must be submitted to the jury." *Id*. at 2162. Miller argues that his sentence is illegal and that he is entitled to a new sentencing hearing. Brief for Appellant at 9-10.

We note that in his appellate brief, Miller cites to the mandatory minimum sentence provision at 42 Pa.C.S.A. § 9712.1, which was subsequently ruled unconstitutional by *Commonwealth v. Newman*, 99 A.3d 86 (Pa. Super. 2014) (*en banc*), based upon the *Alleyne* reasoning.

---

[2] The exception under section 9545(b)(1)(iii) states that "the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively." 42 Pa.C.S.A. § 9545(b)(1)(iii).

Brief for Appellant at 9. However, a review of the record reveals that Miller was not sentenced under section 9712.1. Rather, Miller was subject to the mandatory sentence provision at 35 P.S. § 780-113(k). N.T., 2/12/13, at 2.[3] Section 780-113(k) states the following:

> (k) Any person convicted of manufacture of amphetamine, its salts, optical isomers and salts of its optical isomers; methamphetamine, its salts, isomers and salts of isomers; or phenylacetone and phenyl-2-proponone shall be sentenced to at least two years of total confinement without probation, parole or work release, notwithstanding any other provision of this act or other statute to the contrary.

35 P.S. § 780-113(k).

Here, the mandatory minimum sentence is based solely upon Miller's conviction of manufacturing methamphetamine, and was not enhanced based upon an additional judicial finding during sentencing. ***See Commonwealth v. Hoke***, 962 A.2d 664, 666 (Pa. 2009) (stating that section 780-113(k) "requires that a mandatory minimum sentence be imposed for the crime of *manufacturing* one of the referenced controlled substances[.]") (emphasis in original). Thus, the ***Alleyne*** reasoning is inapplicable to this subsection.

---

[3] The trial court imposed an aggravated range sentence of four to ten years in prison on the manufacturing methamphetamine conviction. N.T., 2/12/13, at 14. The trial court imposed the sentence after reviewing the pre-sentence investigation report, Miller's prior record score and offense gravity score, and pointing out that Miller was previously convicted of manufacturing methamphetamine, that he endangered numerous people, and that Miller required an extended need for supervision to fight his drug addiction. ***Id***. at 16-17.

In any event, even if **Alleyne** applied, Miller does not properly invoke an exception to the timeliness requirements of the PCRA. Miller did not raise the exception at section 9545(b)(1)(iii) in a timely manner. **Alleyne** was decided on June 17, 2013. Miller did not file the instant PCRA Petition until June 26, 2014, well over sixty days after the date the claim first could have been presented. **See** PCRA Court Opinion, 8/4/14, at 5; **see also** 42 Pa.C.S.A. § 9545(b)(2); **Commonwealth v. Boyd**, 923 A.2d 513, 517 (Pa. Super. 2007) (stating that "[w]ith regard to an after-recognized constitutional right, this Court has held that the sixty-day period begins to run upon the date of the underlying judicial decision.").[4] Moreover, this Court has ruled that **Alleyne** does not apply retroactively to cases where the judgment of sentence had become final. **See Commonwealth v. Miller**, 102 A.3d 988, 995 (Pa. Super. 2014) (stating that "neither our Supreme Court, nor the United States Supreme Court has held that **Alleyne** is to be applied retroactively to cases in which the judgment of sentence had become final.") (emphasis omitted); **see also id**. at 995 (stating that while **Alleyne** claims goes to the legality of sentence, courts cannot review a legality claim where it does not have jurisdiction). Based upon the foregoing, Miller's PCRA Petition is facially untimely, and he has failed to meet his burden of

---

[4] We note that in the PCRA court, Miller argued that he did not become aware of the **Alleyne** decision until he read a newspaper article on the case on March 5, 2014. However, even if we determined that Miller could only raise this claim within sixty days of this date, Miller's Petition, filed on June 26, 2014, still did not raise the exception in a timely manner.

- 6 -

proof with regard to any exception to the timeliness requirements of the PCRA.

Miller also claims that the PCRA court should have appointed him counsel for his second PCRA Petition. Brief for Appellant at 8-9. However, it is well-settled that PCRA petitioners are only entitled to counsel for their first PCRA petitions. **See** Pa.R.Crim.P. 904(C); **see also Commonwealth v. Vega**, 754 A.2d 714, 719 (Pa. Super. 2000) (stating that although a first-time PCRA petitioner is entitled to appointment of counsel, there is no such entitlement on second and subsequent petitions).

Finally, Miller argues that the PCRA court should have held an evidentiary hearing on his Petition. Brief for Appellant at 8-9.

"[A] PCRA court may decline to hold a hearing on the petition if the PCRA court determines that the petitioner's claim is patently frivolous and is without a trace of support in either the record or from other evidence." **Commonwealth v. Hart**, 911 A.2d 939, 941 (Pa. Super. 2006). "We review the PCRA court's decision dismissing a petition without a hearing for an abuse of discretion." **Miller**, 102 A.3d at 992.

Here, Miller filed an untimely PCRA Petition and did not properly raise any exceptions to the timeliness exceptions under section 9545(b)(1). Thus, the PCRA court did not abuse its discretion in denying the Petition without a hearing. **See Commonwealth v. Garcia**, 23 A.3d 1059, 1066 n.9 (Pa. Super. 2011) (concluding that the PCRA court did abuse its discretion in

dismissing an untimely PCRA petition without a hearing where petitioner failed to properly invoke any of the timeliness exceptions).

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/30/2015