J-S66045-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| MICHAEL CURTIS ANGSTADT | |
| Appellant | No. 2135 MDA 2015 |

Appeal from the PCRA Order November 13, 2015
In the Court of Common Pleas of Snyder County
Criminal Division at No(s): CP-55-CR-0000224-2011
CP-55-CR-0000404-2011

BEFORE:  BOWES, J., PANELLA, J., and JENKINS, J.

MEMORANDUM BY JENKINS, J.:                **FILED NOVEMBER 08, 2016**

Michael Curtis Angstadt ("Appellant") appeals from the order entered in the Snyder County Court of Common Pleas, which dismissed his petition filed for relief pursuant to the Post Conviction Relief Act ("PCRA").[1]  We affirm.

The trial court set forth the relevant facts and procedural history of this appeal as follows:

> On January 20, 2012[, the Office of the Attorney General ("OAG")] filed a 5 (five) [c]ount [i]nformation against [Appellant].  Counts 1 (one) through 3 (three) involved the crime of possession with intent to deliver a controlled substance [("PWID")], specifically marijuana[,] and involved three (3) different dates. Count 4 (four) was the crime of criminal conspiracy to possess with intent to

---

[1] 42 Pa.C.S. §§ 9541-9546.

deliver a controlled substance, specifically marijuana. All of the offenses are ungraded felonies.

On April 9, 2012[,] the two (2) cases were consolidated for trial and a jury was selected with trial to begin June 12, 2012. Subsequent to the selection of the jury, the [c]ourt was not [sic] informed that [Appellant] intended to enter a plea[,] and a plea hearing was scheduled for June 12, 2012.

On June 12, 2012 [Appellant] entered a [g]uilty [p]lea to Counts 1 through 4 in CR-404-2011. The [c]olloquy entered by [Appellant] indicated a maximum punishment for each offense of fifteen (15) years with a maximum fine of $250,000.00. The aggregate total was sixty (60) years' incarceration and/or $1,000,000.00 in fines. The Plea Agreement read:

> "On Count Nos. 1, 2 and 3, [Appellant] shall receive consecutive minimum sentences of two and one half (2½) years. On Count No. 4, [Appellant] shall receive a consecutive minimum sentence of one and one half (1½) years for a total of nine (9) years with Recidivism Reduction Incentive. The Commonwealth will **nol pros** all remaining [c]ounts filed under CR-404-2011 and all [c]ounts filed under CR-224-2011. [Appellant] will cooperate with the Commonwealth in **Commonwealth v. Neidig**. [Appellant] agrees the Commonwealth … shall suffer substantial ---[2] should [Appellant] attempt to withdraw his guilty plea prior to sentencing. [Appellant] shall receive credit for all time served."

The [c]ourt ordered the preparation of a [p]re-[s]entence [i]nvestigation [("PSI")] [r]eport and scheduled the matter for sentencing. [Appellant] appeared before the [c]ourt on August 21, 2012 for sentencing. The [PSI r]eport revealed an error in the maximum punishment listed on

---

[2] The dashes are on the plea agreement, but the record indicates Appellant was aware that the Commonwealth would suffer substantial **prejudice** should he withdraw his plea.

[Appellant's] [g]uilty [p]lea [c]olloquy. As a result of the revelation of the error, counsel represented to the [c]ourt that the maximum punishment on each [c]ount was ten (10) years with a maximum possible $100,000.00 fine. The aggregate maximum [Appellant] was exposed to was forty (40) years' incarceration and a $400,000.00 fine. In addition, it was agreed that for sentencing purposes the amount of marijuana involved would be less than one (1) pound. The parties agreed that [Appellant's] aggregate minimum sentence would be seven (7) years. The fines and maximums would be in the [c]ourt's discretion.

The [c]ourt addressed these modifications with [Appellant]. [Appellant] acknowledged to the [c]ourt that he understood the discussions of counsel and the [c]ourt, that he understood the proposed modifications and that he was in agreement with those.

The [c]ourt then imposed a sentence consistent with the [p]lea [a]greement of seven (7) years to thirty (30) years' incarceration along with a $200.00 fine. The sentence mirrored the [p]lea [a]greement exactly.

There were no requests to modify the sentence nor was a direct appeal taken.

[Appellant] initially filed a [PCRA petition] *pro se*. The [c]ourt appointed counsel to represent [Appellant] and an [a]mended [PCRA p]etition was filed. [Appellant] then secured the services of his present counsel and a second [a]mended [p]etition for [p]ost-c]onviction [c]ollateral [r]elief was filed.

Briefs were prepared by the parties and a hearing held on April 9, 2015. The [c]ourt ordered that [b]riefs be filed subsequent to the hearing[, and counsel complied].

PCRA Court Opinion, filed November 13, 2015, at 1-3.

On November 13, 2015, the PCRA court denied Appellant's PCRA petition. On December 7, 2015, Appellant timely filed a notice of appeal.

Both Appellant and the PCRA court complied with Pennsylvania Rule of Appellate Procedure 1925.

Appellant raises the following issue for our review:

> WHETHER THE [TRIAL COURT] ERRED IN DENYING APPELLANT'S [PCRA] PETITION REQUESTING PERMISSION TO WITHDRAW HIS PLEAS OF GUILTY TO FOUR CRIMINAL OFFENSES BECAUSE SAID PLEAS WERE INDUCED AS A RESULT OF THE INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL?

Appellant's Brief at 3.

Appellant argues that his trial counsel was ineffective for failing to advise him of the maximum penalties for each of the crimes with which he had been charged and for allowing him to believe the court could sentence him to sixty (60) years' incarceration, when the maximum sentence for his crimes, if imposed consecutively, was thirty-five (35) years.[3] Further, he contends counsel advised him that he would be eligible for the recidivism risk reduction incentive program ("RRRI")[4] when he entered into the plea, and he was not, in fact, RRRI eligible. Appellant additionally asserts that

---

[3] Appellant's aggregate maximum sentence for his three (3) PWID convictions and his conspiracy to commit PWID was forty (40) years. *See Commonwealth v. Hoke*, 962 A.2d 664, 668 (Pa.2009) ("inchoate crimes have the same *maximum* sentences as the underlying crimes to which they relate").

[4] RRRI is a sentencing program that allows qualified, non-violent offenders to become eligible for parole before they have completed their minimum sentence of incarceration if they complete requisite classes and tasks.

counsel did not advise him that many of his convictions would have merged for sentencing purposes. Appellant claims counsel's ineffectiveness was material because it caused him to enter into the guilty plea unknowingly, unintelligently, and involuntarily. Appellant concludes that, because of counsel's ineffectiveness, he is entitled to withdraw his plea and proceed to trial. We disagree.

Our standard of review regarding PCRA relief is well-settled. "[W]e examine whether the PCRA court's determination is supported by the record and free of legal error." *Commonwealth v. Fears*, 86 A.3d 795, 803 (Pa.2014) (internal quotation marks and citation omitted). "The scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the trial level." *Commonwealth v. Spotz*, 84 A.3d 294, 311 (Pa.2014) (citation omitted). "It is well-settled that a PCRA court's credibility determinations are binding upon an appellate court so long as they are supported by the record." *Commonwealth v. Robinson*, 82 A.3d 998, 1013 (Pa.2013) (citation omitted). However, this Court reviews the PCRA court's legal conclusions *de novo*. *Commonwealth v. Rigg*, 84 A.3d 1080, 1084 (Pa.Super.2014) (citation omitted).

This Court follows the ***Pierce***[5] test adopted by our Supreme Court to review claims of ineffective assistance of counsel:

> When a petitioner alleges trial counsel's ineffectiveness in a PCRA petition, he must prove by a preponderance of the evidence that his conviction or sentence resulted from ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place. We have interpreted this provision in the PCRA to mean that the petitioner must show: (1) that his claim of counsel's ineffectiveness has merit; (2) that counsel had no reasonable strategic basis for his action or inaction; and (3) that the error of counsel prejudiced the petitioner-i.e., that there is a reasonable probability that, but for the error of counsel, the outcome of the proceeding would have been different. We presume that counsel is effective, and it is the burden of Appellant to show otherwise.

***Commonwealth v. duPont***, 860 A.2d 525, 531 (Pa.Super.2004) (internal citations and quotations omitted). "If an appellant fails to prove by a preponderance of the evidence any of the ***Pierce*** prongs, the Court need not address the remaining prongs of the test." ***Commonwealth v. Fitzgerald***, 979 A.2d 908, 911 (Pa.2010) (citation omitted).

"Allegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused the defendant to enter an involuntary or unknowing plea." ***Commonwealth v. Hickman***, 799 A.2d 136, 141 (Pa.Super.2002) (citing ***Commonwealth v. Allen***, 732 A.2d 582 (Pa.1999)). Whether a plea was voluntary "depends on

---

[5] ***Commonwealth v. Pierce***, 527 A.2d 973 (Pa.1987).

whether counsel's advice was within the range of competence demanded of attorneys in criminal cases." *Commonwealth v. Lynch*, 820 A.2d 728, 733 (Pa.Super.2003), *appeal denied*, 835 A.2d 709 (Pa.2003) (internal citation omitted).

"Under certain circumstances, a defendant who enters a guilty plea after the court communicates an incorrect maximum sentence may be considered to have entered his plea unknowingly and involuntarily." *Commonwealth v. Lincoln*, 72 A.3d 606, 610 (Pa.Super.2013) (quoting *Commonwealth v. Lenhoff*, 796 A.2d 338 (Pa.Super.2002)). "However, every mistake in computing the possible maximum or advising the defendant of the possible maximum will not amount to manifest injustice justifying the withdrawal of a guilty plea; the mistake must be material to the defendant's decision to plead guilty." *Id.* (internal quotations and citations omitted).

Further:

> [The] determination of materiality must be fact- and case-specific. Certainly, if a defendant were to plead guilty to avoid a death sentence when there is no possibility of a death sentence, then this mistake would clearly be material. On the other hand, suppose there were a robbery of five people together with conspiracy and weapons charges, and the defendant were told that he faced a maximum sentence of 70 to 140 years rather than 65 to 130 years. If the plea negotiations resulted in a sentence of 5 to 10 years, then this mistake would not be material.

*Id.* at 610-611 (quoting *Commonwealth v. Barbosa*, 819 A.2d 81, 83 (Pa.Super.2003)).

Here, on June 7, 2012, Appellant entered into a negotiated guilty plea, which provided that he would plead guilty to three counts of PWID and one count of criminal conspiracy. In exchange for his plea, the Commonwealth would ***nol pros*** all remaining counts against him, and Appellant would receive a minimum aggregate sentence of nine (9) years' incarceration, with RRRI eligibility, which would result in six (6) years and nine (9) months of incarceration. The written plea provided that the maximum sentence for each of his convictions was fifteen (15) years and that the aggregate maximum sentence for his convictions was sixty (60) years' incarceration.

At Appellant's oral plea colloquy, the trial court advised Appellant of the same maximum punishment for Appellant's convictions. N.T., 6/7/2012, at 4. The court further advised Appellant that pursuant to the plea agreement, his minimum sentence would be nine (9) years' incarceration, with the maximum in the court's discretion, up to sixty (60) years. ***Id.*** at 9. The court stated Appellant's RRRI would be six (6) years and nine (9) months. ***Id.*** The court stated: "I will note the entry of the plea. I will defer consideration of the plea agreement until the time set for sentencing." ***Id.*** at 13.

At the sentencing hearing, the court conducted a sidebar discussion with counsel to discuss a modification of the plea agreement. The prosecutor then stated that the maximum penalty on each of Appellant's convictions was actually 10 years and a $100,000.00 fine based on the fact

that the drug possessed was marijuana and that Appellant had a prior record. N.T., 8/21/2012, at 3. The modification of the plea agreement provided that Appellant's aggregate minimum sentence would be seven (7) years' incarceration with the fines and maximums in the court's discretion. *Id.* at 5. After the sidebar discussion, the following exchange transpired:

> [THE COURT: Appellant,] you've been present while we've had all these discussions. Do you completely understand what's going on?
>
> [APPELLANT]: Yes, Your Honor.
>
> [THE COURT]: You've had ample opportunity to discuss it with [defense counsel]? Do you need any more time to discuss the situation with him?
>
> [APPELLANT]: No, Your Honor.
>
> [THE COURT]: Are you in agreement with the modifications to the plea agreement as we've gone over?
>
> [APPELLANT]: Yes, I am, Your Honor.
>
> THE COURT: Other than what we've discussed, [defense counsel], are there any additions or corrections to the presentence report of August 14th, 2012?
>
> [DEFENSE COUNSEL]: No, Your Honor. I had met with [Appellant] yesterday, and we reviewed the presentence investigation together.

N.T., Sentencing, 8/21/2012, at 5-6.

At the PCRA hearing, Appellant testified that defense counsel originally lead him to believe that he would receive a 20-year minimum sentence, and Appellant was left with no alternative but to take the plea. N.T., 4/9/2015, at 34. He testified that the court advised him that he could not withdraw his

plea because the Commonwealth had already picked a jury and would consequentially suffer substantial prejudice. *Id.* at 36. He further testified that he asked defense counsel to file post sentence motions and a direct appeal, but counsel failed to do so. *Id.* at 38.

Defense counsel also testified at the PCRA hearing. Counsel admitted that he had incorrectly calculated the maximum penalty on each of Appellant's counts. *Id.* at 12. He testified that Appellant expressed some reservations about completing his form because he wanted to know if he could get a better deal. *Id.* at 20. Additionally, he testified that Appellant seemed more concerned about the minimum end of the sentence than the maximum. *Id.* at 22. According to counsel, Appellant was concerned when he found out he was not RRRI eligible, and they discussed withdrawing his plea if he was going to receive the 9-year minimum instead of the 6-year, 9-month minimum. *Id.* at 23-24. Counsel testified that Appellant did not express confusion or concern about what happened at sentencing or request counsel to withdraw his plea or to file any appeals or motions. *Id.* at 24. Appellant wrote defense counsel a letter a few months later asking him if he had filed his appeal, and counsel thought this was a good trick, because Appellant never asked him to file an appeal. *Id.* at 27.

The PCRA court reasoned:

> The [c]ourt is not persuaded that [Appellant] ever requested trial counsel to file a post-sentenc[e] motion, a [m]otion to withdraw his plea or an appeal in this matter.

- 10 -

> In reviewing the documents filed by [Appellant] and after hearing this matter, the [c]ourt is persuaded that [Appellant] was satisfied with his plea, made a knowing, intelligent and voluntary plea, understood his exposure had he gone to trial and totally understood his plea agreement. It appears to this [c]ourt that [Appellant] is attempting to manufacture information in an effort to get his sentence vacated in the hopes of obtaining a better "deal" than his original sentence given the length of time that has passed since the incident involved.

PCRA Court Pa.R.A.P. 1925(a) Opinion, filed March 2, 2016, at 2-3.

Although counsel initially misadvised Appellant about the maximum penalties for his crimes, the error was corrected on the record prior to imposition of sentence. Moreover, the PCRA court found that the erroneous maximum sentence was not material to Appellant's decision to plead guilty. It found that Appellant entered into the guilty plea to obtain the best deal possible, because even after Appellant received a correct statement of his potential maximum, he agreed to a greater minimum than was part of his previous bargain.

Appellant's contention that counsel was ineffective for failing to advise him that his convictions were duplicative or that they would have merged for sentencing purposes is devoid of merit. At CR-224-2011, Appellant was charged with four (4) counts of criminal attempt to commit PWID for four (4) separate packages of marijuana that were intercepted by the U.S. Postal Inspection Service on January 7, 2011. He was also charged with PWID, delivery, and criminal conspiracy for "numerous parcels via U.S. Mail" at this information. At CR-404-2011, Appellant was charged with three (3) counts

of PWID for separate instances that occurred before January of 2011. He was also charged with criminal conspiracy and dealing in proceeds of unlawful activity at this information. Because Appellant was charged separately for separate instances of illegal activity, his convictions would not have been duplicative or merged for sentencing purposes. **See Commonwealth v. Jenkins**, 96 A.3d 1055, 1060, (Pa.Super.2014), *appeal denied,* 104 A.3d 3 (Pa.2014).

The incorrect statement of Appellant's potential maximum sentence, in the context of the facts here, does not amount to a manifest injustice. **See Lincoln, supra.** Appellant was apprised of the correct maximum sentences for his crimes before he was sentenced. He proceeded to enter into a plea that provided for a greater punishment than the one he originally agreed to when he thought the maximum penalty for his crimes was greater. He then failed to file a motion to withdraw his plea, post-sentence motions, or a direct appeal.

The PCRA court's findings are supported by the record, and its legal conclusions drawn therefrom are not error.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/8/2016

- 12 -