J-S61010-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| BRYAN DARNELL HENDERSON, | : | |
| | : | |
| Appellant | : | No. 1926 EDA 2019 |

Appeal from the Judgment of Sentence Entered July 24, 2018
In the Court of Common Pleas of Delaware County Criminal Division at
No(s): CP-23-CR-0006060-2017

BEFORE: BOWES, J., OLSON, J., and STEVENS, P.J.E.*

MEMORANDUM BY BOWES, J.: **FILED MARCH 13, 2020**

Bryan Darnell Henderson appeals from the aggregate judgment of sentence of eighteen to forty-eight months of imprisonment imposed on his convictions for possession with intent to deliver ("PWID") and criminal conspiracy. Appellant's counsel, Douglas L. Smith, Esquire, has filed an application to withdraw and a brief pursuant to ***Anders v. California***, 386 U.S. 738 (1967), and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009). We grant counsel's application to withdraw and affirm.

Our review of the certified record reveals the following. Appellant was charged with the above crimes and others as a result of the City of Chester Police Department's surveillance and search of the first floor apartment at 1139 Madison Street, Chester, Delaware County, Pennsylvania. The investigation revealed that Appellant resided in the one-bedroom apartment,

_____

* Former Justice specially assigned to the Superior Court.

but that Clinton Cooper also had regular and frequent unfettered access to it. When Appellant and/or Mr. Cooper was present at the apartment, various other people would knock at the door, be admitted, and leave within a few minutes. The search conducted pursuant to a warrant resulted in the seizure of, *inter alia*, cocaine, a digital scale with cocaine residue, a cookpot with cocaine residue, a folded playing card with cocaine residue, baggies for packaging cocaine for sale, and cash.

At a jury trial, the Commonwealth offered the testimony of three officers who participated in the investigation, as well as an expert who opined that the cocaine was possessed with intent to sell it, rather than for personal use, and that Appellant and Mr. Cooper were working together in the drug-dealing operation. Appellant testified and denied any involvement in wrongdoing, and offered his fiancé and mother to corroborate his version of events.

On May 17, 2018, the jury convicted Appellant of PWID and conspiracy. Appellant indicated his desire to appeal, but was informed that he would have to wait until his sentence was imposed. Appellant was sentenced as indicated above on July 24, 2018, but no post-sentence motion or appeal was filed. Appellant filed a timely PCRA petition, which the PCRA court granted with an order appointing Attorney Smith to represent Appellant. Attorney Smith promptly filed a notice of appeal.

On July 9, 2019, the trial court ordered Appellant to file a statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925, and to present

within five days an order requesting transcripts for all hearings held in the case. Attorney Smith filed a statement of intent to file an **Anders** brief, which he did file in this Court along with an application to withdraw as counsel. Upon review of the brief and the certified record, we determined that we were required to deny the application and remand the matter because no transcript of Appellant's sentencing hearing was included. Counsel filed a new application to withdraw and **Anders** brief after securing the missing transcript, and the matter is now ripe for our consideration.

The following principles guide our review of this matter.

> Direct appeal counsel seeking to withdraw under **Anders** must file a petition averring that, after a conscientious examination of the record, counsel finds the appeal to be wholly frivolous. Counsel must also file an **Anders** brief setting forth issues that might arguably support the appeal along with any other issues necessary for the effective appellate presentation thereof . . . .
>
> **Anders** counsel must also provide a copy of the **Anders** petition and brief to the appellant, advising the appellant of the right to retain new counsel, proceed *pro se* or raise any additional points worthy of this Court's attention.
>
> If counsel does not fulfill the aforesaid technical requirements of **Anders**, this Court will deny the petition to withdraw and remand the case with appropriate instructions (*e.g.*, directing counsel either to comply with **Anders** or file an advocate's brief on Appellant's behalf). By contrast, if counsel's petition and brief satisfy **Anders**, we will then undertake our own review of the appeal to determine if it is wholly frivolous.

**Commonwealth v. Wrecks**, 931 A.2d 717, 720-21 (Pa.Super. 2007) (citations omitted).

Our Supreme Court has clarified portions of the **Anders** procedure as follows:

> in the **Anders** brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Santiago**, **supra** at 361.

Based upon our examination of counsel's petition to withdraw and **Anders** brief, we conclude that counsel has substantially complied with the technical requirements set forth above. As required by **Santiago**, counsel set forth the case history, referred to two issues that arguably support the appeal, stated his conclusion that the appeal is frivolous, and cited case law which supports that conclusion. **See Anders** brief at 4-19. Counsel also indicated that he served the **Anders** brief on Appellant and advised him of his right to retain substitute counsel or file a *pro se* brief in this Court raising issues he deems worthy.[1] **See** Application to Withdraw Appearance, 12/23/19, at ¶¶ 5-6. Therefore, we now proceed "'to make a full examination of the proceedings and make an independent judgment to decide whether the appeal is in fact wholly frivolous.'" **Commonwealth v. Flowers**, 113 A.3d 1246, 1249 (Pa. Super. 2015) (quoting **Santiago**, **supra** at 354 n.5).

---

[1] Appellant has not submitted a *pro se* brief.

The issues arguably supporting an appeal cited by Attorney Smith are whether the evidence was sufficient to sustain Appellant's convictions and whether his sentence is lawful. **See Anders** brief at 3. We begin with an examination of the sufficiency of the evidence, mindful of the following principles.

> Because a determination of evidentiary sufficiency presents a question of law, our standard of review is *de novo* and our scope of review is plenary. In reviewing the sufficiency of the evidence, we must determine whether the evidence admitted at trial and all reasonable inferences drawn therefrom, viewed in the light most favorable to the Commonwealth as verdict winner, were sufficient to prove every element of the offense beyond a reasonable doubt. [T]he facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. It is within the province of the fact-finder to determine the weight to be accorded to each witness's testimony and to believe all, part, or none of the evidence. The Commonwealth may sustain its burden of proving every element of the crime by means of wholly circumstantial evidence. Moreover, as an appellate court, we may not re-weigh the evidence and substitute our judgment for that of the fact-finder.

**Commonwealth v. Williams**, 176 A.3d 298, 305-06 (Pa.Super. 2017) (citations and quotation marks omitted). Further, sufficiency of the evidence is examined upon consideration of the totality of the circumstances. **See**, **e.g.**, **Commonwealth v. Drummond**, 775 A.2d 849, 854 (Pa.Super. 2001).

Appellant was convicted of PWID and conspiracy. A criminal conspiracy is proven upon the establishment of an agreement, shared criminal intent, and an overt act in furtherance of the agreement. **See Commonwealth v. Johnson**, 180 A.3d 474, 479 (Pa.Super. 2018) (citing, *inter alia*, 18 Pa.C.S. § 903). As we have explained,

[a]n explicit or formal agreement to commit crimes can seldom, if ever, be proved and it need not be, for proof of a criminal partnership is almost invariably extracted from the circumstances that attend its activities. Thus, a conspiracy may be inferred where it is demonstrated that the relation, conduct, or circumstances of the parties, and the overt acts of the co-conspirators sufficiently prove the formation of a criminal confederation. The conduct of the parties and the circumstances surrounding their conduct may create a web of evidence linking the accused to the alleged conspiracy beyond a reasonable doubt. Even if the conspirator did not act as a principal in committing the underlying crime, he is still criminally liable for the actions of his co-conspirators taken in furtherance of the conspiracy.

*Id*. (cleaned up).

This Court has explained the evidence necessary to sustain a PWID conviction under 35 P.S. § 780-113(a)(30) as follows:

The Commonwealth establishes the offense of [PWID] when it proves beyond a reasonable doubt that the defendant possessed a controlled substance with the intent to deliver it.

To determine whether the Commonwealth presented sufficient evidence to sustain [a defendant's] conviction for [PWID], all of the facts and circumstances surrounding the possession are relevant and the elements of the crime may be established by circumstantial evidence. Furthermore, possession with intent to deliver can be inferred from the quantity of the drugs possessed along with the other surrounding circumstances.

*Commonwealth v. Little*, 879 A.2d 293, 297 (Pa.Super. 2005) (internal citations omitted). Possession may be proved "by showing actual possession, constructive possession, or joint constructive possession." *Commonwealth v. Hall*, 199 A.3d 954, 960 (Pa.Super. 2018).

Constructive possession is the ability to exercise a conscious dominion over the contraband. It usually comes into play when police find contraband somewhere other than on the defendant's person. Constructive possession requires proof that the defendant

- 6 -

had knowledge of the existence and location of the item. The Commonwealth may prove such knowledge circumstantially. That is, it may prove that the defendant had knowledge of the existence and location of the items at issue from examination of the totality of the circumstances surrounding the case, such as whether the contraband was located in an area usually accessible only to the defendant.

For the Commonwealth to prove constructive possession where more than one person has access to the contraband, the Commonwealth must introduce evidence demonstrating either the defendant's participation in the drug-related activity or evidence connecting the defendant to the specific room or areas where the drugs were kept.

*Id*. at 961 (cleaned up).

We agree with counsel that pursuit of sufficiency challenges in this appeal would be frivolous, as the record evidence was plainly sufficient to allow the jury to conclude that Appellant conspired with Mr. Cooper to possess and deliver the cocaine seized during the search. The Commonwealth's evidence was as follows.

Officer Timothy Garron, admitted as an expert in illegal narcotics packaging and distribution, testified that the City of Chester no longer sees many "open-air drug markets anymore" due to aggressive police patrols. N.T. Trial, 5/17/18, at 102. Instead, drug dealers, normally working with a teammate to increase security and the amount of clientele, sell drugs out of a house using cell phones and message apps to set up transactions. *Id*. at 102-03. Street-level dealers obtain cocaine wholesale for $40 per gram, use a digital scale and a credit card or playing card to divide it and package it in sandwich bag corners in "servings" of one-tenth of gram, and sell it for $10

per serving, leaving them with large amounts of cash in denominations of $20 or less. *Id*. at 95-97, 107. Crack is created by cooking cocaine and a cutting agent such as baking soda until it is hard. *Id*. at 98. People who use crack have no need for a digital scale, but will have paraphernalia used to smoke it, such as pipes, mesh wiring, and pipe cleaning rods. *Id*. at 104-05.

Officer John Benozich conducted periodic surveillance of the first-floor apartment at 1139 Madison Street and determined that Appellant was its primary resident.[2] *See id*. at 24-25. Officer Benozich observed "random people" walk to the door, knock, enter the building, and come back out after a few minutes. *Id*. at 25. On the other hand, Mr. Cooper, who lived on the other side of that end of the city, came and went from the apartment freely, just walking in without knocking, and sometimes hanging out on the stoop. *Id*. at 26-27.

Having utilized these observations to obtain a warrant, the officers executed it on July 17, 2017. They arrived to find the apartment door being held open by Mr. Cooper, from whom they seized $287, mostly in small bills. *Id*. at 31, 34. In the apartment's kitchen, police recovered two knotted plastic sandwich bags containing 2.7 and 1.1 grams of crack cocaine, respectively; a digital scale with cocaine residue; and additional, unused plastic sandwich

---

[2] Appellant admitted at trial that the apartment was his residence, and that he was the only person who stayed in its single bedroom. *See* N.T. Trial, 5/17/18, at 124.

- 8 -

bags. *See* N.T. Trial, 5/17/18, at 48-52. Officer Matthew Goldschmidt, who searched the lone bedroom of the apartment, testified that the dresser contained Appellant's wallet, which held $200 in cash, several pieces of mail addressed to Appellant at the apartment, and a playing card with cocaine residue, while a cookpot with cocaine residue was located immediately outside the bedroom's back door. *Id*. at 57-68. Based upon the scale, the packaging, the amount of cocaine, the cutting card, the cookpot, and the surveillance, Officer Garron opined that Appellant was a street-level dealer who possessed the crack cocaine with intent to deliver it, and that he worked with Mr. Cooper in doing so. *Id*. at 93, 101-01, 113.

From this web of evidence, viewed in the light most favorable to the Commonwealth, the jury was able to surmise beyond a reasonable doubt that Appellant and Mr. Cooper had a shared criminal intent to sell the crack cocaine over which both men exercised conscious dominion. *Accord Hall*, *supra* at 961-62 (holding evidence was sufficient to establish constructive possession where police recovered drugs, scales, packaging material, and defendant's documents in a one-bedroom apartment; *Commonwealth v. Jones*, 874 A.2d 108, 122 (Pa.Super. 2005) (ruling circumstantial evidence of relationship with other occupant of vehicle and joint access to contraband was sufficient to sustain conspiracy conviction). Therefore, the evidence was sufficient to sustain Appellant's convictions for PWID and conspiracy.

The other question of arguable merit identified by counsel is whether Appellant's sentence was lawful. **See Anders** brief at 15. As this was Appellant's second PWID conviction, the maximum sentence allowable by law for that count was twenty years. **See** 35 Pa.C.S. § 780-113(f)(1.1) (indicating statutory maximum of ten years for subsection (a)(30) violation with respect to cocaine); 35 Pa.C.S. § 780-115(a) (doubling maximum allowable sentence upon second or subsequent PWID conviction); N.T. Sentencing, 7/24/18, at 9 (noting Appellant's prior PWID conviction). The statutory maximum sentence for Appellant's conspiracy to commit PWID conviction was ten years. **See Commonwealth v. Hoke**, 962 A.2d 664, 668 (Pa. 2009) ("[I]nchoate crimes have the same maximum sentences as the underlying crimes to which they relate."). Thus, Appellant's concurrent sentences of eighteen to forty-eight months were well within the statutory limits.

Furthermore, our review of the transcript reveals no application of an unconstitutional mandatory minimum sentence or indication that the sentences imposed lacked statutory authorization. The trial court heard Appellant's allocution, awarded him credit for time served, made a finding that he was not RRRI eligible, and placed its reasons on the record for giving Appellant concurrent, mitigated range sentences. **See** N.T. Sentencing, 7/24/18, at 6-20.

Therefore, we agree with counsel that a challenge to the legality of Appellant's sentence is frivolous. Moreover, our "simple review of the record

to ascertain if there appear on its face to be arguably meritorious issues that counsel, intentionally or not, missed or misstated[,]" has revealed no additional issues counsel failed to address. ***Commonwealth v. Dempster***, 187 A.3d 266, 272 (Pa.Super. 2018) (*en banc*).  Accordingly, we affirm the judgment of sentence and grant counsel's petition to withdraw.

Application of Douglas L. Smith, Esquire, to withdraw as counsel is granted.  Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/13/20